**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VINCENT DEPASQUALE, ) | 3:11-cv-00191-LRH (WGC) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| STATE OF NEVADA, et. al. ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Summary Judgment. (Doc. #30.) The court initially stayed briefing on this motion pending a decision on Defendants' Motion to Dismiss (Doc. # 18). (*See* Doc. # 32 (Defs.' Mot. to Stay Briefing), Doc. # 33 (Order granting Defs.' Mot. to Stay Briefing.) However, upon review of Plaintiff's motion, the court determines that further briefing is not necessary, and recommends denial of Plaintiff's motion.

## I. BACKGROUND

Plaintiff Vincent Depasquale (Plaintiff), a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 (ADA), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (RA). (Pl.'s Am. Compl. (Doc. #13 ) at , 5.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP), Northern Nevada Correctional Center (NNCC), and Lovelock Correctional Center (LCC). (*Id.*)

Defendants are the State of Nevada *ex rel.* NDOC, Greg Cox, E.K. McDaniel, Robert LeGrand, Adam Endel, Debra Brooks, Dr. Robertson, Dr. Martin, Don Poag, and Dr. Scott. (Doc. # 13 at 2-4.)

In Count 1, Plaintiff alleges that while he was incarcerated at ESP, defendant Dr. Robertson, an optometrist at the prison, ignored Plaintiff's requests for medical attention, and as a result, he went blind. (Doc. # 13 at 6.) Plaintiff further alleges that Dr. Martin failed to follow the recommendations of another doctor to get Plaintiff a glass eye to reduce the risk of further infection, and did not give Plaintiff prescribed medications to prevent infections. (*Id.*) On screening, the court determined that Plaintiff states a colorable claim for deliberate indifference to a serious medical need under the Eighth Amendment as to these defendants. (Screening Orders Doc. # 7 at 2, Doc. # 14.)

In Count 2, Plaintiff alleges that he was denied medical services, including braille, a cane, and therapeutic housing assistance and other programs for the blind. (Doc. # 13 at 7.) On screening, the court determined that Plaintiff states colorable claims under the ADA and RA as to defendants McDaniel, LeGrand, Brooks, Endel, Scott, and Poag. (Doc. # 7, Doc. # 14.)

In Count 3, Plaintiff claims he was denied his right of access to the courts. (Doc. # 13 at 10.) He alleges that it took eight (8) months for special arrangements to be made for him to meet with prison law library workers who could assist him in pursuing his claims. (*Id.*) He claims that this resulted in his being unable to timely file grievances, and therefore defenses, including exhaustion and statute of limitations should not apply to his action. (*Id.*) On screening, the court determined that Plaintiff states a colorable claim of denial of access to the courts. (Doc. # 7 at 3, Doc. # 14.)

Plaintiff moved for summary judgment on February 17, 2012. (Doc. # 30.)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in

2

favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In determining summary judgment, a court applies a burden shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence

to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50, 255 (citations omitted).

### III. DISCUSSION

As set forth above, the moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Here, Plaintiff would bear the burden of proof at trial. Therefore, it is his burden on a motion for summary judgment to

4

1  "come forward with evidence which would entitle [him] to a directed verdict if the evidence
2  went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d
3  474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted). Thus, Plaintiff is
4  tasked with establishing the absence of a genuine issue of fact as to each issue material to his
5  case. *Id.*

6  The court has reviewed Plaintiff's motion and finds that Plaintiff has not met his burden.
7  First, the court cannot discern the basis of Plaintiff's motion. Second, Plaintiff did not submit
8  any evidence to support his motion. Finally, Plaintiff has not established the absence of a
9  genuine issue of material fact. Accordingly, the court recommends that Plaintiff's motion be
10 denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order that Plaintiff's motion (Doc. # 30) be **DENIED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: April 27, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

5