**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VINCENT DEPASQUALE, | 3:11-cv-00191-LRH (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF NEVADA, et. al. | |
| Defendants. | |

Before the court is Defendants' Motion for Reconsideration. (Doc. #36.)[1] Plaintiff opposed the motion. (Doc. #39.)

## I. BACKGROUND

Plaintiff Vincent Depasquale (Plaintiff), a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 (ADA), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (RA). (Pl.'s Am. Compl. (Doc. #13 ) at , 5.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP), Northern Nevada Correctional Center (NNCC), and Lovelock Correctional Center (LCC). (*Id*.)

On October 17, 2011, Defendants filed a Motion to Dismiss, arguing that Plaintiff failed to exhaust his available administrative remedies. (Doc. #18.) Plaintiff opposed (Doc. #23) and Defendants replied (Doc. # 29). On April 27, 2012, the court issued its Report and Recommendation that Defendants' motion be granted in part, and denied in part. (Doc. # 34.) Defendants now seek reconsideration of that portion of the court's Report and

---

[1] Refers to court's docket number. Defendants also filed an errata to their motion. (Doc. # 38.)

Recommendation recommending partial dismissal of Count 1. (Doc. # 36.) Count 1 was asserted against defendants Robertson and Martin, yet Defendants' motion only addressed the claim with respect to defendant Martin. (Doc. # 18.) Therefore, the court granted the motion with respect to defendant Martin, but denied it as to defendant Robertson. (*See* Doc. # 34 at 4.) Defendants now assert that they inadvertently failed to address defendant Robertson with respect to Count 1. (Doc. # 36 at 2.) They now argue that Plaintiff's grievance related to his eyesight does not mention defendant Robertson. (*Id.*)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887. While other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at * 1-2 (D. Nev. 2010).

"A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Rizzolo*, 2010 WL 3636278, at * 1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (quoting *United States Aviation Underwriters v. Wesair, LLC*, No. 2:08-

2

cv-00891-PMP-LRL, 2010 WL 1462707, at * 2 (D. Nev. 2010) (internal citation omitted)).

### III. ANALYSIS

Defendants argue that the court should reconsider its order denying their motion to dismiss as to defendant Robertson in Count 1 because of mistake or inadvertence. The court finds that Defendants have not set forth facts of a "strongly convincing nature" to support reversal of the court's prior decision.

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is an affirmative defense, and *defendants bear the burden of raising and proving failure to exhaust*. *Id*. Defendants concede that they did not meet their burden with respect to defendant Robertson. Nor did Plaintiff have an opportunity to present any rebuttal to the argument they are now raising for the first time.

Accordingly, Defendants motion (Doc. # 36) is not well taken. Defendants may properly raise the affirmative defense in a future dispositive motion, but because Plaintiff was not given a chance to respond to their argument initially, the court will not reconsider its order.

### IV. CONCLUSION

Defendants' Motion for Reconsideration (Doc. # 36) is **DENIED**.

DATED: May 25, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3