1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8   VINCENT DEPASQUALE,                )        3:11-cv-00191-LRH (WGC)
                                       )
9          Plaintiff,                  )        **ORDER**
                                       )
10         vs.                         )
                                       )
    STATE OF NEVADA, et. al.           )
11                                     )
                                       )
12         Defendants.                 )
    _____   )

13

14       Before the court is Plaintiff's Motion for Reconsideration or Alter or Amend Judgment.

15  (Doc. #59.)[1] Defendants opposed the motion. (Doc. #60.)

16                              **I. BACKGROUND**

17       Plaintiff Vincent Depasquale (Plaintiff), a *pro se* litigant in custody of the Nevada

18  Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983, Title II

19  of the Americans with Disabilities Act, 42 U.S.C. § 12131 (ADA), and Section 504 of the

20  Rehabilitation Act of 1973, 29 U.S.C. § 794 (RA). (Pl.'s Am. Compl. (Doc. #13 ).) The events

21  giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP),

22  Northern Nevada Correctional Center (NNCC), and Lovelock Correctional Center (LCC). (*Id.*)

23       On July 16, 2012, Plaintiff filed a motion seeking the appointment of counsel. (Doc. #

24  54.) Defendants opposed the motion (Doc. # 56), and the court held a hearing on this and other

25  matters on August 6, 2012. (*See* Minutes at Doc. # 61.)

26       At the hearing, the court advised Plaintiff of the standard for appointment of counsel,

27  and having heard argument from the parties, denied Plaintiff's motion. (*See* Minutes at Doc.

28  _____
         [1] Refers to court's docket number.  Defendants also filed an errata to their motion. (Doc. # 38.)

1   # 61.) Plaintiff now seeks reconsideration of the court's order denying his motion for the

2   appointment of counsel.  (Doc. # 59.)

3                              **II.  LEGAL STANDARD**

4            While Plaintiff has titled his motion as one for "reconsideration" or to "alter or amend

5   judgment," (*see* Doc. # 59 at 1), the court's order was an interlocutory order. The Federal Rules

6   of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As

7   long as a district court has jurisdiction over the case, then it possesses the inherent procedural

8   power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

9   sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885

10  (9th Cir.  2001) (internal quotation marks and citation omitted) (emphasis omitted).  This

11  inherent power is grounded "in the common law and is not abridged by the Federal Rules of

12  Civil Procedure." *Id.* at 887.  While other districts in the Ninth Circuit have adopted local rules

13  governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this

14  district has used the standard for a motion to alter or amend judgment under Rule 59 (e). *See,*

15  *e.g., Henry v.  Rizzolo*, No.  2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at * 1 (D.  Nev.

16  Sept.  10, 2010) (quoting *Evans v.  Inmate Calling Solutions*, No.  3:08-cv-00353-RCJ-VPC,

17  2010 WL 1727841, at * 1-2 (D.  Nev.  2010).

18           "A motion for reconsideration must set forth the following: (1) some valid reason why

19  the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in

20  support of reversing the prior decision." *Rizzolo*, 2010 WL 3636278, at * 1 (citing *Frasure v.*

21  *U.S.*, 256 F.Supp.2d 1180, 1183 (D.  Nev.  2003). Moreover, "[r]econsideration is appropriate

22  if the district court (1) is presented with newly discovered evidence, (2) committed clear error

23  or the initial decision was manifestly unjust, or (3) if there is an intervening change in

24  controlling law." *Id.* (quoting *United States Aviation Underwriters v.  Wesair, LLC*, No. 2:08-

25  cv-00891-PMP-LRL, 2010 WL 1462707, at * 2 (D.  Nev.  2010) (internal citation omitted)).

26                              **III.  ANALYSIS**

27           In his motion, Plaintiff sets forth the standard for appointment of counsel , which

28                                        2

1  was described for him by the court at the August 6, 2012 hearing, *i.e.*, that Plaintiff must

2  demonstrate exceptional circumstances which requires an evaluation of whether he has a

3  likelihood of success on the merits and his ability to articulate his claims in light of the

4  complexity of the legal issues involved.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

5  1991), *citing Wilborn, supra,* 789 F.2d at 1331.  Plaintiff asserts that his blindness warrants

6  the appointment of counsel in this action because he is unable to articulate his arguments.

7  (Doc. # 59 at 3.)

8        Plaintiff's motion for reconsideration reaffirms the propriety of the court's original

9  decision to deny the appointment of counsel.  First, Plaintiff's motion for reconsideration,

10  like his original motion, fails to address his likelihood of success on the merits.  Therefore,

11  Plaintiff has not set forth any valid or convincing reason why the court should revisit its

12  prior order in this regard.  Next, Plaintiff's motion for reconsideration itself demonstrates

13  Plaintiff is fully able to articulate his claims. Plaintiff was able to state the correct legal

14  standard concerning the appointment of counsel, and articulate an argument, albeit

15  ultimately unconvincing, in support of his motion.  As the court reiterated to Plaintiff at the

16  hearing, Plaintiff is no doubt faced with limitations due to his blindness, but he has

17  demonstrated that with the assistance of an inmate law clerk, he has been able to

18  adequately articulate his claims up to this point.

19                              **IV.  CONCLUSION**

20        Having failed to convince the court it should revisit its prior order concerning the

21  appointment of counsel, Plaintiff's motion for reconsideration (Doc. # 59) is **<u>DENIED</u>**.

22

23

24  DATED: August 22, 2012.

25                                      _____
                                        WILLIAM G.  COBB
26                                      UNITED STATES MAGISTRATE JUDGE

27

28                                          3