1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

| | |
|---|---|
| VINCENT DEPASQUALE, | ) 3:11-cv-00191-LRH (WGC) |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) **OF U.S. MAGISTRATE JUDGE** |
| STATE OF NEVADA, et. al. | ) |
| Defendants. | ) |

8
9
10
11
12
13

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is defendant Robertson's Motion to Dismiss. (Doc. #46.)[1] Plaintiff has opposed (Doc. #55), and Robertson replied (Doc. # 58). The court conducted a hearing on this motion on August 6, 2012, and issues the instant Report and Recommendation. (*See* Minutes at Doc. # 61.) After a thorough review, the court recommends that Robertson's motion be granted and that defendant Robertson be dismissed without prejudice.

14
15
16
17
18
19
20
21

## **I. BACKGROUND**

        Plaintiff Vincent Depasquale (Plaintiff), originally submitted his Application to Proceed In Forma Pauperis and Complaint on March 15, 2011. (Doc. # 1, Doc. # 1-2.) His Application to Proceed in Forma Pauperis was granted on April 7, 2011. (Doc. # 4.) On June 14, 2011, the court issued an order that Plaintiff submit an amended complaint to address certain deficiencies with respect to the original Complaint. (*See* Doc. # 7.) Plaintiff was subsequently

22
23
24
25
26
27
28

---

[1] Refers to court's docket number. Defendants also filed an errata to their motion. (Doc. # 38.)

given an extension of time, up to August 12, 2011, to submit his amended complaint. (Doc. # 12.) Plaintiff filed his Amended Complaint on August 8, 2011. (Pl.'s Am. Compl. (Doc. # 13).)

Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983. (Doc. #13 .)  The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP), Northern Nevada Correctional Center (NNCC), and Lovelock Correctional Center (LCC). (*Id.*)

On August 25, 2011, the court issued a screening Order with respect to the Amended Complaint, finding that it cured the defects the court found with the original Complaint. (Doc. # 14.) The claims which survived screening were: (1) Count 1- an Eighth Amendment medical care claim as to defendants Robertson and Martin[2]; (2) Count 2- a claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 (ADA) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (RA), against defendants McDaniel, LeGrand, Brooks, Endel, Scott, and Poag; and (3) Count 3-an access to courts claim under the First Amendment. (*See* Docs. # 7, # 14.)

The Attorney General was instructed to advise the court within twenty-one days whether service of process for the named defendants was accepted, and if so, such defendants were ordered to file and serve an answer or other responsive pleading within thirty days of the notice of acceptance of service.  (Doc. # 14 at 1.)  The order went on to state:

> **If service cannot be accepted for any of the named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered**.

(Doc. # 14 at 2 (emphasis added).)

On September 15, 2011, the Attorney General's Office filed a Notice of Acceptance of Service indicating that it was accepting service on behalf of defendants Cox, McDaniel,

---

[2] Count 1 is the only claim that pertains to defendant Robertson. In Count 1, Plaintiff alleges that while he was incarcerated at ESP, defendant Dr. Robertson, an optometrist at the prison, ignored Plaintiff's requests for medical attention, and as a result, he went blind. (Doc. # 13 at 6.)

2

1   LeGrand, Endel, Poag, and Scott, who were then employed by NDOC. (Doc. # 16.) With respect

2   to defendants Brooks and Martin, the Attorney General's Office indicated that it had contacted

3   them to inquire if they intended to submit a written request for defense, and if so, the Attorney

4   General's Office would make a determination whether to provide a defense pursuant to Nevada

5   Revised Statute § 41.0339. (*Id*.) On October 17, 2011, the Attorney General's Office filed a

6   second Notice of Acceptance of Service indicating that it would accept service on behalf of

7   defendants Brooks and Martin. (Doc. # 17.) Notably, the Attorney General's Office did *not*

8   accept service on behalf of defendant Robertson in either notice. (*See* Docs. # 16, # 17.)

9       On October 17, 2011, Defendants Cox, McDaniel, LeGrand, Endel, Brooks, Martin, Poag,

10   and Scott moved to dismiss the action on the basis that Plaintiff failed to exhaust available

11   administrative remedies. (Doc. # 18.) On April 27, 2012, the court issued a Report and

12   Recommendation regarding this motion. (Doc. # 34.) As to Count 1, the court recommended

13   dismissal with respect to defendant Martin because Plaintiff failed to exhaust his available

14   administrative remedies. (*Id*. at 4.) The court found that defendants' motion did not address

15   Count 1 insofar as it was asserted against defendant Robertson; therefore, Count I was allowed

16   to proceed against defendant Robertson. (*Id*.) Count 2 was dismissed without prejudice as to

17   defendants McDaniel, Brooks, and Endel, and allowed to proceed as to defendants LeGrand,

18   Scott, and Poag. (*Id*. at 5-8.) Count 3 was dismissed with prejudice. (*Id*. at 8-9.) The district

19   court entered an order adopting the Report and Recommendation on July 9, 2012. (Doc. # 49.)

20       Defendant Robertson filed his motion to dismiss for failure to serve on July 6, 2012.

21   (Doc. # 46.) He argues that the action should be dismissed as to him because Plaintiff failed to

22   serve him with a copy of the summons and complaint within the 120 day time period prescribed

23   by Federal Rule of Civil Procedure 4(m). (*Id*.)

24       Plaintiff opposed the motion, arguing that good cause exists to excuse his failure to

25   timely serve defendant Robertson because: (1) he is entitled to rely on the U.S. Marshal for

26   service of the summons and complaint; and (2) he relied on the court clerk and Attorney

27   General's Office to notify him if service could not be effectuated. (Doc. # 55.)

28                                                3

In his reply, defendant Robertson argues that Plaintiff has not established good cause so as to excuse his failure to timely serve Robertson. (Doc. # 58.)  Instead, Robertson asserts that Plaintiff did not provide proof that he contacted the U.S. Marshal to effectuate service, and he failed to initiate service by identifying any unserved defendants and requesting issuance of the summons as he was ordered. (*Id.*)

The court held a hearing regarding this and other pending motions on August 6, 2012. (*See* Minutes at Doc. # 61.) When the court inquired about Plaintiff's failure to timely serve defendant Robertson, he represented that he did not receive the court's order instructing him how to effectuate service (Doc. # 14) or the acceptance of service on behalf of certain defendants, excluding defendant Robertson, filed by Attorney General's Office (Doc. # 16). (*See* Doc. # 61 at 3.) The court questioned the Attorney General's Office about this, and Deputy Attorney General Miller represented that no mail had been returned to her office in this case, nor does the docket reflect any return of mail. (*Id.*) The court reviewed the docket and notified Plaintiff that it appeared that he was receiving mail because he had made filings after certain orders were issued by the court. (*Id.*) Plaintiff persisted in his argument that while he may have received the documents, he was unaware of the requirement that he had to take steps to initiate service with respect to defendant Robertson. (*Id.*)

This argument was not been made in Plaintiff's opposition to Robertson's motion to dismiss; however, in light of Plaintiff's representations at the hearing, the court gave Plaintiff an opportunity to file a declaration or affidavit in support of his opposition that addressed why he had not effectuated service on Robertson. (*See* Doc. # 61 at 3.)  The document was to be filed within thirty (30) days, on or before September 5, 2012.  To date Plaintiff has not filed a declaration.

## II. DISCUSSION

On August 25, 2011, the court issued its order regarding service. (Doc. # 14.) The order specifically informed Plaintiff that if the Attorney General's Office did not accept service on behalf of any of the named defendants, it was Plaintiff's responsibility to file a motion

4

1    identifying the unserved defendant, i.e., defendant Robertson, request the issuance of a

2    summons and specify the full name and address for that defendant. (*Id*. at 2.) Plaintiff was also

3    clearly instructed that service had to be accomplished within 120 days pursuant to Federal Rule

4    of Civil Procedure 4(m). (*Id*.) Therefore, Plaintiff was required to effectuate service on

5    defendant Robertson on or before December 23, 2011.

6         The record reflects that Plaintiff took no steps to timely effectuate service with respect

7    to defendant Robertson. He did not file a motion identifying defendant Robertson as an

8    unserved defendant as he was instructed in the court's August 25, 2011 Order. Nor did he

9    request the issuance of a summons with respect to defendant Robertson at any time.

10        Federal Rule of Civil Procedure 4(m) provides if a defendant is not served within 120

11   days after the filing of the complaint, the court, absent of a showing of good cause for failure

12   to serve, shall dismiss the action without prejudice as to the unserved defendant.  Fed. R. Civ.

13   P.  4(m). Having failed to timely serve defendant Robertson, the onus is on Plaintiff to make

14   a good cause showing.

15        Plaintiff argues that good cause exists to excuse his failure to timely serve defendant

16   Robertson because: (1) he is entitled to rely on the U.S. Marshal for service of the summons and

17   complaint (Doc. # 55);  (2) he relied on the court clerk and Attorney General's Office to notify

18   him if service could not be effectuated (Doc. # 55); and (3) he did not have knowledge of the

19   court's order instructing him regarding service or the Attorney General's Office's Notice of

20   Acceptance of service with respect to all defendants except Robertson (*see* Doc. # 61 at 3).

21        First, the court will address Plaintiff's argument that good cause exists for his failure to

22   serve defendant Robertson because he was entitled to rely on the U.S. Marshal for service of

23   the summons and complaint.

24        Defendant Robertson is correct that Plaintiff's reliance on *Walker v.  Sumner*, 14 F.3d

25   1415 (9th Cir.  1994) is misplaced. "In cases involving plaintiffs proceeding in forma pauperis,

26   the United States Marshal, upon order of the court, is authorized the serve the summons and

27   the complaint." *Walker v.  Sumner*, 14 F.3d 1415, 1422 (9th Cir.  1994), *abrogated on other*

28
                                           5

1   *grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (citing 28 U.S.C. § 1915(c); *Boudette v.*

2   *Barnett*, 923 F.2d 754, 757 (9th Cir. 1991)).

> [A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and...should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties...

6   *Id.* (citing *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990)) (internal quotation marks

7   omitted). However, in order to be entitled to reliance on service by the U.S. Marshal, a plaintiff

8   is required to have furnished the information necessary to identify the defendant. *See Walker*,

9   14 F.3d at 1422.

10   Here, as in *Walker*, Plaintiff has not demonstrated that he provided the court or the U.S.

11   Marshal with sufficient information to serve defendant Robertson, or that he requested that

12   defendant Robertson be served. Instead, the record establishes that Plaintiff never made any

13   effort to effectuate service with respect to defendant Robertson. In fact, he did not mention

14   defendant Robertson until he opposed Robertson's motion to dismiss, nearly a year after the

15   service order was issued.

16   Plaintiff's second argument that he relied upon the clerk and the Attorney General's

17   Office to notify him if service could be satisfied also fails. The court's order could not have been

18   more specific:

> **If service cannot be accepted for any of the named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered.**

(Doc. # 14 at 2 (emphasis added).) The order explicitly puts the burden on Plaintiff with respect

to any unserved defendant. It instructed Plaintiff that if the Attorney General's Office did not

accept service on behalf of any named defendant, Plaintiff was tasked with filing a motion

identifying that defendant and requesting the issuance of a summons. The Attorney General's

Office filed two notices regarding acceptance of service, neither of which identified defendant

6

1  Robertson. Therefore, it was up to Plaintiff to file a motion identifying defendant Robertson

2  and requesting that a summons be issued to him.

3          Finally, the court will address the argument that Plaintiff raised for the first time at the

4  hearing, *i.e.,* that his failure to timely serve Robertson was because he was not made aware of

5  the court's order that he initiate the process for effectuating service on Robertson. The court

6  expressed its view at the hearing that there was no indication that Plaintiff had not been served

7  with the court's order regarding service or the Notices of Acceptance of Service filed by the

8  Attorney General's Office. (*See* Doc. # 61 at 3.) The court gave Plaintiff an opportunity to file

9  a declaration or affidavit in support of his argument. Plaintiff failed to do so. Accordingly, there

10 is no evidence before the court establishing good cause for the failure to timely serve Robertson

11 on this basis. As a result, the court must recommend dismissal of Robertson without prejudice

12 pursuant to Federal Rule of Civil Procedure 4(m).

13                                **III. RECOMMENDATION**

14         **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order

15 **GRANTING** defendant Robertson's Motion to Dismiss (Doc. # 46) and **DISMISSING**

16 **DEFENDANT ROBERTSON WITHOUT PREJUDICE**

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

7

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: September 18, 2012.

_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE

8